Gerry P. Fagan
George Kimmet
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUZY ENBERG,<br><br>                            Plaintiff,<br><br>-vs-<br><br>AMERICAN HOME ASSURANCE and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>                          Defendants. | Cause No. CV-11-125-BLG-RFC<br><br>**DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to the Scheduling Order dated January 3, 2012, and Local Rule 16.2(b)(1), effective January 1, 2012, Defendants, American Home Assurance and Sedgwick Claims Management Services, Inc., hereby submit their Preliminary Pretrial Statement.

### A. Factual Outline of Case

This is a bad faith action arising from two worker's compensation claims filed by Plaintiff against her employer, Walmart. Plaintiff filed her first claim in June of 2008. Plaintiff filed her second claim in August of 2011. During a hearing with the worker's compensation court in the summer of 2011, Walmart and Plaintiff agreed to attribute her 2011 injury claim as an aggravation of her 2008 claim. Plaintiff's 2008 claim remains open, and she has not settled it nor obtained a judgment in her favor on the claim.

Defendant Sedgwick Claims Management Services, Inc. is the third party administrator for Walmart's worker's compensation insurer. Plaintiff purports co-Defendant American Home Assurance is the carrier, but in reality the carrier is National Union Fire Insurance Company.

### B. Issues Concerning Jurisdiction and Venue

Venue appears proper, but Defendants believe this court lacks subject matter jurisdiction for Plaintiff's claims, as they all involve Montana law on worker's compensation. "The workers' compensation court has

exclusive jurisdiction for the adjudication of disputes arising under Title 39, chapter 71 and chapter 72, MCA." *See* Mont. Admin. R. 24.5.101(2)(a).

**C/D. Factual and Legal Basis of Each Claim or Defense Advanced by the Party**

    1.    Plaintiff fails to allege a viable cause of action.

Please see paragraph 3 below.

    2.    Defendants deny any allegations contained in Plaintiff's Complaint which Defendants did not specifically admit in their Answer.

Defendants have admitted or denied those allegations about which they have sufficient information to determine the truth of the matter asserted. As to those allegations for which they lacked knowledge or information sufficient to form a belief as to the truth of the matter asserted, Defendants deny the same. Through this defense, Defendants merely intend to avoid a situation where Plaintiff might wrongfully infer an admission where one was not intended. The authority for this defense is Fed. R. Civ. P. 8(b).

3

3. Plaintiff's Count 2 (Unfair Trade Practices Act) claim is prohibited as a matter of law at this time because Plaintiff is a third-party claimant under Wal-Mart's Worker's Compensation insurance coverage, and Plaintiff's underlying Worker's Compensation claim has not been settled nor has a judgment in her favor been entered on that claim.  § 33-18-201(6)(b) Mont. Code Ann.

Plaintiff's claims in this action are controlled by Montana law which prohibits a third-party claimant such as Plaintiff from asserting bad faith claims until either the underlying claim has been settled or a judgment in her favor has been entered on the underlying claim.  § 33-18-201(6)(b) Mont. Code Ann.

4. Plaintiff's Count 1 (Breach of Contract) claim is not a viable cause of action because Plaintiff is not a party to the Worker's Compensation insurance contract.

The basis for this defense will be provided during the discovery process.

5. Plaintiff has failed to mitigate her damages, if any.

The factual basis for this defense will be provided during the discovery process. The legal authority for this defense is *Billings Clinic v. Peat Marwick Main*, 244 Mont. 324, 797 P.2d 899 (1990).

6. Any assessment of punitive damages would violate Defendants' right to due process under the United States and Montana Constitutions. Further, while no award of punitive damages would be appropriate, in any event, any assessment of punitive damages would be capped by § 27-1-220(3), Mont. Code Ann.

The factual basis for this defense will be provided during the discovery process. The legal authority for this defense is provided by §§ 27-1-220 & -221, Mont. Code Ann., and by the United States Supreme Court's line of cases interpreting the adjudication of punitive damages, including *State Farm v. Campbell*, 538 U.S. 408 (2003).

7. Defendants did not misrepresent any pertinent facts or policy provisions.

The basis for this defense will be provided during the discovery process.

8. Defendants did not leverage settlement.

The basis for this defense will be provided during the discovery process.

9. Defendants did not refuse to pay Plaintiff's claim.

The basis for this defense will be provided during the discovery process.

10. Defendants had a reasonable basis for their actions and conduct since Plaintiff was demanding, in part, reimbursement of medical expenses which were not related to Plaintiff's accident. To that extent, Plaintiff's claim is barred under § 33-18-242(5), Mont. Code Ann.

The basis for this defense will be provided during the discovery process.

11. Any delay in paying any part of Plaintiff's claim was reasonable and not in bad faith.

The basis for this defense will be provided during the discovery process.

12.	Plaintiff is not entitled to attorney fees as a matter of law under the circumstances of this case.

There is no contractual right to attorney fees in this case which applies to Plaintiff, and Montana case law does not grant Plaintiff a common law right to her attorney fees in this case.

13.	Defendants reserve the right to add additional defenses as discovery warrants.

The basis, if any, for this defense will be provided during the discovery process.  The authority for this defense is Fed. R. Civ. P. 26.

### E.	Computation of Damages

Defendants are not claiming damages, and do not know at this time how Plaintiff computes her purported damages.

### F.	Pendency or Disposition of any Related State or Federal Litigation

Plaintiff's underlying worker's compensation claim remains open under the jurisdiction of Montana's worker's compensation court.

### G.     Proposed Stipulations of Fact

Plaintiff did not contact Defendants about any proposed stipulations of fact, but Defendants are willing to consider appropriate stipulations, including that Plaintiff filed two worker's compensation claims against Walmart, and the details and dates of those filings, as well as a stipulation that one of Plaintiff's worker's compensation claims remains open before the Montana worker's compensation court.

### H.     Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings

Defendants propose a deadline of June 1, 2012, for joinder of the parties or amendment of the pleadings.

### I.     Controlling Issues of Law Suitable for Pretrial Disposition

Defendants believe that Plaintiff's claims in this action are controlled by Montana law which prohibits a third-party claimant such as Plaintiff from asserting bad faith claims until either the underlying claim has been settled or a judgment in her favor has been entered on the underlying claim.  § 33-18-201(6)(b) Mont. Code Ann.  Defendants believe a dispositive motion is

suitable in this case as a result, and intend to file a motion to dismiss Plaintiff's claims in the near future.

## J.     Status of Any Settlement Discussions and Prospects for Compromise of the Case

Plaintiff recently made an offer to settle the case, but Defendants rejected the demand as unsupported.  Defendants remain willing to consider additional efforts to compromise or settle this matter when appropriate.

## K.     Suitability of Special Procedures

Defendants are unaware at this time of any special procedures that would be suitable in this matter.

Dated this 21st day of February, 2012.

                                           MOULTON BELLINGHAM PC

                                           By /s/ Gerry Fagan
                                                 Gerry Fagan

                                           Attorney for Defendants

4814-9357-4670, v. 1