IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUZY ENBERG,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HOME ASSURANCE,<br>SEDGWICK CLAIMS<br>MANAGEMENT SERVICES, INC.,<br><br>Defendants. | Case No. CV-11-125-BLG-RFC<br><br>ORDER DENYING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

## I. INTRODUCTION

Plaintiff Suzy Enberg brings this action against Defendants American Home Assurance and Sedgwick Claims Management Services, Inc. Her claims for breach of contract, common law bad faith, and violation of Montana's Unfair Trade Practices Act arise out of the handling of her workers' compensation claims. Defendants have moved for summary judgment, arguing her claims are premature because the underlying workers' compensation claim has not yet been resolved. But since the "main issue" of whether Enberg's 2011 injury is an aggravation of her prior injury has been resolved, Enberg may sue with respect to the handling of that issue, as well as any other underlying issues that have been resolved.

1

Defendants motion must therefore be denied.

## II.    FACTUAL BACKGROUND

Enberg has worked as a stocker, cashier and greeter at Walmart since 2006. On June 20, 2008, she injured her back on the job while lifting an air conditioner. She filed a "First Report of Injury" form and received medical treatment. Sedgwick Claims Management Service, the third-party administrator for American Home Assurance, Walmart's workers' compensation insurer, administered Enberg's workers' compensation claim.

On February 25, 2011, Enberg injured herself again while lifting batteries at work. In the early morning hours of March 3, 2011, Enberg sought treatment at the emergency room for muscle spasms in her back. She was administered morphine and a Medrol pack by Dr. Douglas Parker. Dr. Parker's notes indicate Enberg "was helping her kids with their sled in the park and the next day she developed increased pain in her low-back radiating into the buttocks and becoming much more severe." Enberg filed a second workers' compensation claim, but Sedgwick denied the claim based on Dr. Parker's note that the injury occurred while taking her kids sledding.

Enberg asked Dr. Parker to respond to Sedgwick's denial of the claim based on Dr. Parker's comment about sledding. On March 29, 2011, Dr. Parker issued

an addendum to his report stating that his prior "note really does not say that the activity in the park caused her pain because I do not know that. In fact, I think that is unlikely." Sedgwick, however, continued to deny benefits.

Enberg then filed to mediate the dispute with the Montana Department of Labor and Industry. On July 25, 2011, Enberg filed a Petition for Hearing with Montana's Workers' Compensation Court to obtain benefits. Sedgwick then asked Enberg to submit to a physical examination. Enberg agreed and was examined by Dr. Dale Peterson and D. Blackshear Bryan. These doctors opined that the cause of Enberg's condition was most likely a late development from the June 2008 injury.

Sedgwick nonetheless continued to deny workers' compensation benefits. A dispute subsequently arose in the Workers' Compensation Court and a conference was held with Judge Shea. During this conference, the parties agreed that the 2011 claim was a continuation or aggravation of the 2008 claim. Sedgwick then began making payments under the 2008 claim and the 2011 claim was "dismissed with prejudice." As it stands, Sedgwick has accepted liability for Enberg's work-related claims, but it disputes whether the invoices submitted by Enberg relate to her work-related injury. These issues are awaiting decision in the 2008 claim by the Workers' Compensation Court.

## III. ANALYSIS

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1152 (9th Cir.2012). As the party moving for summary judgment, Defendants have the initial burden of showing the absence of a genuine issue of material fact. *Anderson, v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). If Defendants meet their burden, the burden shifts to the Enberg to set forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). Enberg "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

Although they appear to have abandoned the claim in their reply brief, Defendants initially argued this Court had no jurisdiction over this suit because the Workers' Compensation Court has "exclusive jurisdiction for the adjudication of disputes arising under "the Workers' Compensation Act." Admin. Rule. Mont. § 24.5.101(2)(a). In any event, while Enberg's claims have their basis in a dispute over workers' compensation, Enberg is seeking tort damages under the common

law and the UTPA, in addition to contract damages for breach of contract. Defendants present no authority holding that the Workers' Compensation Court has jurisdiction over such claims. Moreover, both federal and state trial courts in Montana have handed breach of contract and bad faith claims related to the handling of workers' compensation claims. *See e.g., Poteat v. St. Paul Mercury Ins. Co.,*, 918 P.2d 677, 678 (Mont. 1996); *O'Connor v. National Union Fire Ins. Co. of Pittsburgh, PA,* 87 P.3d 454, 455 (Mont. 2004). Enberg appropriately filed her claims in this Court.

Defendants primary argument is that Enberg's claims must be dismissed as unripe because her underlying workers' compensation claim has not been settled, nor has any judgment been entered in her favor. Montana's UTPA provides that third-party claimants such as Enberg "may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Mont. Code Ann. § 33-18-242(6)(b). Defendants argue that while the 2011 claim was dismissed with prejudice, it was merged with the 2008 claim when the parties agreed that the 2011 injury was an aggravation of the 2008 injury. Defendants further argue that even though they have "accepted liability" for Enberg's work-related claims, there is an ongoing dispute in the Workers' Compensation Court over whether all of Enberg's

invoices arise out of her work related injury.

The Montana Supreme Court has made clear that it is not necessary that the entire workers' compensation claim be resolved before a third-party claimant can file a bad faith claim for improper claims handling practices. Rather, courts must look to the specific issues when determining whether a bad faith claim arising out of workers' compensation benefits has accrued." *O'Connor*, 87 P.3d at 457 (Mont. 2004); *see also Poteat,* 918 P.2d at 679. Courts must determine whether there has been a judgment or settlement on the specific issue in the underlying workers' compensation case and that part of the bad faith claim does not accrue until that issue is settled or adjudged. *Id.*

Defendants offer the Affidavit of Sedgwick adjuster Casey L. Lentz. Doc. 13-1. Lentz avers that Enberg had filed two claims for benefits–one in 2008 after the air conditioner incident and a second in 2011 after the battery incident. Doc. 13-1, ¶¶ 4-7. Lentz further avers that Sedgwick accepted liability for the 2011 claim, attributing the injury to an aggravation of the 2008 work-related accident, and then closed the 2011 claim. *Id.* at ¶¶ 8-9. Finally, Lentz avers that "the parties dispute whether the invoices Enberg has submitted relate to her work-related injury. The Workers' Compensation Court has not yet resolved this issue" and that "Enberg's workers' compensation claim is open and unresolved at this time."

*Id.* at ¶¶ 10-11.

Enberg responds with Orders from the Workers' Compensation Court. The first, issued October 12, 2011, notes that the "main substantive dispute to the underlying claim, setting aside the discovery issue, is the TTD [temporary total disability] rate calculation based on the February 25, 2011 incident as opposed to the June 20, 2008, incident." Doc. 15-1, p.1. This Order further noted that Defendants' counsel would subsequently notify Enberg and the Court whether Defendants "would accept the current [2011] claim under the June 20, 2008 incident" and that Enberg agreed that if Defendants "calculates [Enberg's] average weekly wage based on the June 20, 2008, incident, then the case can be dismissed." *Id.* The second Order, issued the next day, notes that "the issues have been resolved" and Defendants have "acknowledged the Lockhart lien[1] in this case and attributes the cause of Suzy Enberg's condition and current need for treatment of the June 2008 accident." Doc. 15-2.

From these facts, the Court can conclude that Enberg's 2008 claim is not closed. Nor has the Workers' Compensation Court entered a judgment in Enberg's favor. But it is also clear that the "main issue" between the parties has

---

[1] A *Lockhart* lien is a payment which a claimant makes to his attorney out of his medical benefits. *Briese v. Ace American Ins. Co.*, 2009 MTWCC 5.

been settled in Enberg's favor since Defendants agreed that Enberg's current condition is attributable to the June 2008 accident. Defendants acknowledge they are currently making TTD payments to Enberg under the 2008 claim and that her payments have increased because she earned more in 2008 than 2011. Doc. 13, ¶ 13; doc. 13-1, ¶ Accordingly, under *O'Connor* Enberg may bring bad faith claims relating to Defendants failure to consider her 2011 injury as an aggravation of her 2008 injury, as well as any other issues that have been resolved. On the other hand, Enberg may not proceed with bad faith claims with regard to the disputed invoices, or any other issues, that are awaiting decision by the Workers' Compensation Court

## IV. CONCLUSION

For those reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (doc. 11) is **DENIED**.

Dated this 15th day of October, 2012.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
United States District Judge