IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUZY ENBERG,<br><br>**Plaintiff,**<br><br>vs.<br><br>AMERICAN HOME ASSURANCE, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>**Defendants.** | Case No. CV-11-125-BLG-RFC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ENBERG'S CLAIM FOR ATTORNEY FEES |

## I.  INTRODUCTION

Plaintiff Suzy Enberg brings claims against Defendants American Home Assurance and Sedgwick Claims Management Services, Inc. for breach of contract, common law bad faith, and violation of Montana's Unfair Trade Practices Act arising out of the handling of her workers' compensation claims.  Defendants have moved for partial summary judgment on the issue of whether Enberg may recover attorney fees as bad faith damages.  Doc. 20.  As the facts are familiar to the parties and were detailed in a prior Order of this Court, they are repeated here only as necessary.

1

## II. ANALYSIS

Defendants' motion raises a purely legal question for which the material facts are not in dispute. *See* docs. 22 & 23. Accordingly, Defendants are entitled to partial summary judgment in their favor if, as a matter of law, attorney fees may not be awarded as damages. Rule 56(a) Fed.R.Civ.P.

Montana follows the "American Rule," which prohibits the award of attorney fees to the successful litigant absent either a statutory or contractual provision awarding attorney fees or application of one of the rule's recognized exceptions. *Sampson v. National Farmers Union Property and Cas. Co.,* 144 P.3d 797, 800 (Mont. 2006). The Montana Supreme Court has applied this rule in the insurance bad faith context to expressly hold that "attorney fees are not a recoverable element of damages in a claim for insurance bad faith, whether brought under the UTPA or the common law, absent an exception to the American Rule." *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 656 (Mont. 2009). Enberg tries to distinguish this clear mandate with the argument that it is limited to third-party bad faith cases and that she is the insured under the worker's compensation insurance, but she is wrong. As she alleges in her Complaint (doc. 1, ¶ 4) and her Statement of Genuine Issues (doc. 23, ¶ 4), American Home Insurance is Walmart's insurer, making Walmart the insured. Accordingly, unless, as argued

by Enberg, the equitable or insurance exceptions to the American Rule apply, Defendants' motion must be granted.

The equitable exception must be narrowly construed and is only available where a party is forced into a frivolous lawsuit through no fault of their own and must incur attorney's fees to dismiss the claim. *Jacobsen,* 215 P.3d at 656. That is not the situation here or in the underlying lawsuit. With respect to the instant case, even if Enberg felt she had no choice but to file this lawsuit to get the compensation she felt she was entitled to, that does not mean she can avail herself of the equitable exception on the grounds that she was forced into litigation through no fault of her own. *Id.*

As to the underlying case, Enberg argues her status as the plaintiff does not defeat application of the equitable exception because she was forced to sue when Defendants refused to cover her injuries. She further argues that after she filed suit in the Workers' Compensation Court, Defendants stipulated to a judgment. But Enberg's own Statement of Genuine Issues reveals that Defendants' initial denial of her 2011 claim was not frivolous. Defendants initially denied the 2011 claim because the emergency room doctor indicated that the injury might have occurred when she was sledding with her kids. Doc. 23 ¶¶ 6-11. Defendants agreed to a judgment in the 2011 case after doctors retained for an independent

medical examination opined that the 2011 injury was "was most likely a late development from the injury of June 2008." Doc. 23, ¶ 12-16. And even then the doctors believed it was possible that Enberg's condition in 2011 was related to the 2011 injury. Doc. 23, ¶ 16. The equitable exception must be construed narrowly and the facts of this case do not warrant its application.

    The insurance exception applies "where an insurer breaches its duty to defend or indemnify the insured party, forcing the insured "to assume the burden of legal action to obtain the full benefit of the insurance contract …" *Jacobsen,* 215 P.3d at 656. Significant here, the insurance exception is "justified by the contractual relationship between the insurer and the insured, and the enhanced fiduciary obligation which arises therefrom." *Id.* The Montana Supreme Court has refused to apply it to third-party claimants because doing so would "drive a stake into the heart of the American Rule." *Id.* Since Enberg was not a party to the workers' compensation insurance contract between American Home Assurance and Walmart, Defendants had no duty to Enberg and the insurance exception is inapplicable.

    Finally, Enberg also argues that Defendants stipulated to an award of attorney's fees when the 2011 claim was settled in the Worker's Compensation

Court.  Specifically, Enberg cites the following language from the Workers' Compensation Court Order of dismissal: "[American Home Assurance] has acknowledged the Lockhart lien in this case …" Doc. 23-1.  A Lockhart lien is a lien in favor of the attorney that attaches to medical benefits recovered due to the efforts of an attorney in a workers' compensation case.  *Dildine v. Liberty Northwest Ins. Corp.*, 204 P.3d 729, 730 (Mont. 2009).  The fact that Defendants acknowledged that Enberg's attorney had such a lien is not a basis for ignoring the American Rule and the mandatory authority applying it.

### III.  CONCLUSION

For those reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment (doc. 20) is **GRANTED**: Enberg cannot recover attorney fees as damages under any of her claims.

Dated this 9th day of January, 2013.

>                  */s/ Richard F. Cebull*_____
>                  Richard F. Cebull
>                  United States District Judge